REXFORD BRABSON (CA SBN 299802)
rex@t-rexlaw.com
DAVID STEWART (CA SBN 353448)
david@t-rexlaw.com
T-REX LAW, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

*Attorneys for Plaintiffs Shane Garst and Jayme Garst*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE GARST, an individual, and JAYME GARST, an individual, | Case No.: **'25CV2341 GPC MSB** |
| Plaintiffs, | **COMPLAINT FOR** |
| | 1. CYBERPIRACY (15 U.S.C. § 1125(d)) |
| v. | |
| WINTHROP CRAMER, an individual, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## **COMPLAINT**

1.     Plaintiff, Shane Garst (hereinafter "Plaintiff Shane Garst"), an individual residing in California, and Jayme Garst (hereinafter "Plaintiff Jayme Garst") an individual residing in California, (collectively, "Plaintiffs") bring this Complaint under federal and state laws against Defendant Winthrop Cramer, an individual, (hereinafter, "Defendant" or "Defendant Cramer") and allege as follows:

## **NATURE OF THE ACTION**

2.     This is a civil action for two counts of (i) violations of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

## **PARTIES**

3.     Plaintiff Shane Garst (hereafter, "Plaintiff") is an individual residing in Oceanside, California.

4.     Plaintiff Jayme Garst is an individual residing in Oceanside, California.

5.     Upon information and belief, Defendant Winthrop Cramer (hereafter, "Defendant") is an individual residing in Carlsbad, California.

6.     Upon information and belief, Defendants DOES 1-10 are unknown persons and/or entities related to or affiliated with the other listed persons and entities and are the proximate or actual cause of damage to Plaintiff.

7.     For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

8.      This action arises under federal trademark laws, 15 U.S.C. § 1125(d), *et seq.*, and thus, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

9.      This Court may exercise personal jurisdiction over the Defendant based upon his residence in this district. This Court also may exercise personal jurisdiction over the Defendant as the claims arise out of Defendant's activities in this district.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this judicial district, and under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this district.

## FACTS

11.     Plaintiff Dr. Shane Garst (DNAP, CRNA), and his wife, Plaintiff Jayme Garst are in the business of real estate consulting and building, specializing in single-family home remodels. Shane Garst, with the assistance of his wife, has completed multiple remodels and has delivered many homes without complaint regarding the quality, compliance, or safety of the remodeled homes.

12.     On or about January 11, 2021, Plaintiff Shane Garst purchased the real property located at 3357 Adams St., Carlsbad, California 92008 (hereafter, the "Property").

13.     In or about May 2021, Plaintiff Shane Garst began the process of remodeling the Property, including retention of contractors, obtaining permits, and finalizing plans, in anticipation of the eventual sale of the Property.

14.     On or about February 11, 2022, in Carlsbad, California, San Diego Country, Plaintiff Shane Garst, as seller, and Defendant Cramer, as buyer, entered into a written purchase agreement (the "Purchase Agreement") for the purchase and sale of the Property. At the time, the Property was still in the process of being remodeled/built.

15.     The Purchase Agreement provided that certain remodel and improvement tasks were to be undertaken by Plaintiff prior to the close of a six-month escrow period (hereafter, the "Project"). The close of escrow was scheduled for August 8, 2022.

16.     Beginning in February 2022, Defendant Cramer was onsite at the Project daily and was fully apprised of all remodel operations as they occurred.

17.     A material term of the Purchase Agreement, contained in Addendum No. 3 to the Purchase Agreement, provided that a sum of $200,000 would be released from escrow to Plaintiff upon the completion of certain items, including a cabana and pickleball court (these items will hereafter be referred to as "Addendum Items")

18.     As the construction of the promised Addendum Items began, Defendant Cramer also requested certain "upgrades" to the Property, with the promise to compensate Plaintiff for any added expenses, pursuant to the terms of the Purchase Agreement (hereafter, such "upgrades" will be referred to as "Property Upgrades".) To date, Defendant Cramer has failed to so compensate Plaintiff for the significant cost of any and all Property Upgrades, thereby breaching the terms of the Purchase Agreement.

19.     Plaintiff Shane Garst has performed all conditions, covenants, and promises required on his part to be performed in accordance with the Purchase Agreement for the sale of the Property, except for such items that Plaintiff Shane

Garst was prevented or excused from performing due to the acts, and breaches, of Defendant, as alleged below.

20.    Specifically, Plaintiff Shane Garst has ensured the satisfactory completion and construction of the Addendum Items per the terms of the Purchase Agreement. However, Defendant Cramer has failed to adhere to the terms of the Purchase Agreement by refusing to release the $200,000 still in escrow.

21.    After the close of escrow on August 8, 2022, Defendant Cramer informed Plaintiff Shane Garst of certain alleged latent defects present in the Property, including water damage due to water intrusion. Plaintiff Shane Garst immediately arranged and paid for water damage remediation on the Property, but Defendant's complaints regarding alleged latent defects continued.

22.    Upon being informed of the alleged issues with the Project, Plaintiff Shane Garst made several attempts to mitigate the alleged damage and/or defects, including attempted inspections of such alleged damages and/or defects on-site. However, on August 31, 2022, Defendant Cramer prohibited Plaintiff from accessing the Property, thereby prohibiting any future remediation and/or repairs for the complained latent defects.

23.    From thereafter, Defendant Cramer has engaged in a continuous pattern of harassment, intimidation, and defamation towards Plaintiff.

24.    Instead of actually allowing Plaintiff Shane Garst to attempt to address the alleged issues, Defendant proceeded to hire his own contractors to address the alleged issues and also make other remodeling and upgrades to the Property not encompassed by the Purchase Agreement nor in any agreement with Plaintiff Shane Garst  thereafter. Defendant has lumped the costs of these other upgrades and remodeling work in demands of money made to Plaintiff Shane Garst.

25.     On September 1, 2022, Defendant Cramer caused a defamatory website to be hosted and published titled "www.shanegarst.com" (, which re-directs to customhomesd.com the "Website"). The Website is a "sponsored" site with Google LLC, indicating that Defendant is paying a periodic expense to ensure the Website will populate at or extremely near the top of any web keyword search for Plaintiff Shane Garst. The Website previously identified Plaintiffs both by names and photographs until May of 2023, and contains accusations towards Plaintiffs of abandoning the Project, using subpar construction materials for the Project, and changing construction designs for the Project without Defendant Cramer's consent, amongst other things. These statements are false and are defamatory. A screenshot of the Website is attached as **Exhibit 1**.

26.     Defendant Cramer has also caused an additional website to be hosted and published titled "www.jaymegarst.com", a site which automatically redirects any web user, searching for keywords related to Plaintiff Jayme Garst to the Website (www.customehomesd.com). The creation of each of these websites, the deliberate redirection of users to the Website, and the continued maintaining of the Websites as "sponsored" result constitute malicious, oppressive, and/or harassing conduct.

27.     Upon information and belief, Defendant Cramer has registered an account on LinkedIn.com, impersonating Plaintiff Shane Garst, in an attempt to further tarnish and defame the personhood and reputation of Plaintiff.

28.     The Website has caused and continues to cause Plaintiff Shane Garst damages as Plaintiff Shane Garst has identified at least three of his investors who have discovered the Website and have promptly terminated their business relationships with Plaintiff Shane Garst, due to the publication of the Website and the content therein. The termination of these business relationships led the investors

to withdraw millions of dollars from Plaintiff's funding, causing Plaintiffs to suffer significant damages.

29.    Plaintiffs anticipate that the damages caused by the Website shall continue to compound until its removal and beyond, given the lasting damage that has been caused to Plaintiffs' reputation and business relationships. Plaintiff Shane Garst, through his counsel, has requested that Defendant Cramer remove the Website but Defendant Cramer has refused and continues to refuse.

30.    On multiple occasions since the completion of the Project, Defendant Cramer has demanded that Plaintiff pay Defendant at least $4,500,000.00, despite owing Plaintiff a great deal of money for the construction work that Plaintiff had completed and not allowing Plaintiff to address the construction defects alleged by Defendant.

31.    On January 11, 2023, Defendant Cramer filed with the Superior Court for the State of California a lawsuit against Shane Garst, bringing claims of construction defects, breach of contract, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, conversion, negligence, strict liability, and breach of express and implied warranties. The case number for that lawsuit is 37-2023-00001817-CU-CD-NC.

32.    On July 31, 2023, Plaintiff Shane Garst filed with the same court its First Amended Cross-Complaint against Defendant Cramer, bringing claims of breach of contract, unjust enrichment, account stated, open book account, defamation, misappropriation of likeness, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage.

33.    The aforementioned suit is ongoing and has not yet been tried.

34.     On or about September of 2024, Plaintiff Shane Garst arrived home to find Defendant Cramer skulking in the front yard of Plaintiff's neighbor, Mr. Steve Beckerman.

35.     Plaintiff approached Defendant Cramer and asked what he was doing there. Defendant Cramer then appeared to take out his phone to record the interaction. Defendant Cramer informed Plaintiff that Mr. Beckerman had discovered the Website and had emailed Defendant Cramer about his issues with Plaintiff. On information and belief, Defendant Cramer had driven to Mr. Beckerman's house to discuss his issues with Plaintiff.

36.     On January 22, 2025, Plaintiff attended a City Council meeting for the city of Oceanside to appeal the denial of a Permit and Variance to allow an existing balcony accessory to a second story apartment unit, which was Plaintiff's home at the time. Both Dr. Shane Garst and his wife were healthcare workers and wished to expand their home, with one of the purposes being to be able to provide temporary accommodation to traveling healthcare workers who were associates of Dr. Garst and his wife. At the city council meeting, the council allowed for the attendees to briefly provide comments as to the proposed variance, and Plaintiff had arranged for a few friends and healthcare associates of Plaintiff to provide testimony as to Plaintiff's character and the overall communal good of the proposed variance. This variance was in no way related to Defendant.

37.     Despite having no actual involvement in the proposed variance, Defendant Cramer attended the city council meeting, and after Dr. Garst's friends and associates provided positive references for the Garst family and the proposed variance, rose to provide comment, as allowed by the council. Defendant Cramer, instead of addressing salient points of the appeal, stated his version of the events regarding the Project of two years prior and the subsequent litigation between them,

disparaging and defaming both Dr. Shane Garst and Dr. Jayme Garst to the city council and the public.

38.    After Defendant Cramer's comments, Plaintiff's neighbor Mr. Beckerman also rose to provide comments to the city council and disparage Dr. Garst. Mr. Beckerman complained that he had spent a great deal of time with the city in regards to his own home to comply with applicable building rules and regulations, and that Mr. Garst should not be allowed a variance for something that had already been built without the proper permits in place beforehand. Mr. Beckerman stated that he was in support of denying the appeal.

39.    After these comments were made, Mayor Esther Sanchez asked whether Appellant Jayme Garst, wished to address these comments, and noted that "what was said was really irrelevant to the hearing" and that such issues were "not before the council". Mrs. Garst agreed that it was another issue and briefly commented on the interactions between Mr. Cramer and the Garst family.

40.    Despite Defendant's and Mr. Beckerman's disparaging comments towards the Garst family, the city council granted the appeal with 4/5 votes, with the Mayor recognizing that there were already similar balconies in the immediate vicinity and it would be a hardship to remove, though noting that an inspection would need to be completed before the variance was fully granted.

41.    On December 13, 2024, Plaintiff filed a trademark application with the United States Patent and Trademark Office for the mark "SHANE GARST" in connection with "Real estate agent services; Real estate brokerage; Real estate consultancy; Real estate management services; Appraisal of real estate; Residential real estate agency services" in International Class 036. The application was filed on a 1(a) current use basis, alleged use in commerce at least as early as 2017, and was

assigned Serial Number 98901675 (hereafter the "SHANE GARST Trademark Application").

42.    Plaintiff Shane Garst has used his name SHANE GARST as a trademark for the above-stated services since at least as early as 2017.

43.    The SHANE GARST Trademark Application was approved for publication and was published on August 19, 2025.

44.    On September 3, 2025, Defendant filed a 90-day Extension of Time to Oppose the SHANE GARST Trademark Application with the United States Patent and Trademark Office. The JAYME GARST Trademark Application now must wait at least an additional 90 days for it to become registered because of this action, if no other third party files an extension or opposition during the publication period.

45.    A status copy of the SHANE GARST Trademark Application is attached as **Exhibit 2**.

46.    On information and belief, Defendant has no conceivable grounds under which to challenge the SHANE GARST Trademark Application in good faith and filed the extension to oppose merely out of spite.

47.    On December 13, 2024, Plaintiff filed a trademark application with the United States Patent and Trademark Office for the mark "JAYME GARST" in connection with "Advertising of commercial or residential real estate; Brand concept and brand development services for corporate clients; Brand imagery consulting services; Marketing services; Real estate advertising services; Search engine optimization for promoting the websites of others; Digital marketing services; Online marketing services; Promotional marketing services; Real estate marketing analysis" in International Class 035. The application was filed on a 1(a) current use basis, alleged use in commerce at least as early as June 2014, and was

assigned Serial Number 98901702 (hereafter the "JAYME GARST Trademark Application").

48.    Plaintiff Jayme Garst has used her name JAYME GARST as a trademark for the above-stated services since at least as early as June of 2014.

49.    The JAYME GARST Trademark Application was approved for publication and was published on July 8, 2025.

50.    On August 7, 2025, Defendant filed a 90-day Extension of Time to Oppose the JAYME GARST Trademark Application with the United States Patent and Trademark Office. The JAYME GARST Trademark Application now must wait at least an additional 90 days for it to become registered because of this action, as no other third party filed an extension or opposition during the publication period.

51.    A status copy of the JAYME GARST Trademark Application is attached as **Exhibit 3**.

52.    On information and belief, Defendant has no conceivable grounds under which to challenge the JAYME GARST Trademark Application in good faith and filed the extension to oppose merely out of spite.

## CAUSES OF ACTION

## COUNT I

**Violation of Anti-Cybersquatting Consumer Protection Act (Cyberpiracy) under 15 U.S.C. § 1125(d)– Shanegarst.com**

**(Defendant Winthrop Cramer)**

53.    As alleged above, Defendants registered, trafficked in, and uses the domain name shanegarst.com (the "First Infringing Domain Name") that consists of Plaintiff Shane Garst's mark of "Shane Garst", and

54.    Plaintiff Shane Garst's mark was distinctive at the time Defendant registered the First Infringing Domain Name and remains distinctive today.

55.    The First Infringing Domain Name does not resolve to a website owned by Plaintiff Shane Garst. Rather, it resolves to a website controlled by Defendant.

56.    On information and belief, Defendant registered and uses the domain name with a bad faith intent to profit from the Shane Garst Mark. Defendant registered and uses the domain of shanegarst.com to disparage and defame Plaintiff Shane Garst, with the intent to pressure Plaintiff Shane Garst to pay Defendant money which Defendant does not owe Plaintiff, and to avoid Defendant's obligations to pay Plaintiff Shane Garst what he is owed on the Project, thereby profiting from the usage of that domain.

57.    On information and belief, Defendant registered and uses the domain name shanegarst.com to find potential allies in his personal campaign against Plaintiff, and to use those allies to further pressure Plaintiff Shane Garst to pay Defendant money which Defendant does not owe Plaintiff, and to avoid Defendant's obligations to pay Plaintiff Shane Garst what he is owed on the Project, thereby profiting from the usage of that domain. On information and belief, Defendant encountered and enlisted Steve Beckerman for this purpose.

58.    Defendant did not have reasonable grounds to believe that the use of the First Infringing Domain Name constituted fair use or was otherwise lawful. Defendant used the First Infringing Domain Name to publish defamatory statements regarding Plaintiffs, which is not a fair use and is unlawful.

59.    As a result of Defendant's wrongful registration and use of the First Infringing Domain Name, Plaintiff Shane Garst has suffered substantial damages, as well as the continuing loss of the reputation established by Plaintiff Shane Garst

and his mark. The continuing loss of goodwill cannot properly be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff Shane Garst has no adequate remedy at law. Plaintiff Shane Garst will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct and orders that the First Infringing Domain Name be transferred to Plaintiff Shane Garst.

## COUNT II

**Violation of Anti-Cybersquatting Consumer Protection Act (Cyberpiracy) under 15 U.S.C. § 1125(d) – jaymegarst.com (Defendant Winthrop Cramer)**

60.    As alleged above, Defendant registered, trafficked in, and uses the domain name jaymegarst.com (the "Second Infringing Domain Name") that consists of Plaintiff Jayme Garst's mark of "Jayme Garst".

61.    Plaintiff Jayme Garst's mark was distinctive at the time Defendant registered the Second Infringing Domain Name and remains distinctive today.

62.    The Second Infringing Domain Name does not resolve to a website owned by Plaintiff Jayme Garst. Rather, it resolves to a website controlled by Defendant.

63.    On information and belief, Defendant registered and uses the domain name with a bad faith intent to profit from the Jayme Garst Mark. Defendant registered and uses the domain of jaymegarst.com to disparage and defame Plaintiffs, with the intent to pressure Plaintiff Shane Garst to pay Defendant money which Defendant does not owe Plaintiff, and to avoid Defendant's obligations to pay Plaintiff Shane Garst what he is owed on the Project, thereby profiting from the usage of that domain.

64.    On information and belief, Defendant registered and uses the domain name jaymegarst.com to find potential allies in his personal campaign against Plaintiff, and to use those allies to further pressure Plaintiff Shane Garst to pay Defendant money which Defendant does not owe Plaintiff, and to avoid Defendant's obligations to pay Plaintiff Shane Garst what he is owed on the Project, thereby profiting from the usage of that domain. On information and belief, Defendant encountered and enlisted Steve Beckerman for this purpose, and coordinated with Mr. Beckerman to speak at the January 22, 2025, Oceanside city council meeting for this purpose.

65.    Defendant did not have reasonable grounds to believe that the use of the Second Infringing Domain Name constituted fair use or was otherwise lawful. Defendant used the Second Infringing Domain Name to publish defamatory statements regarding Plaintiffs, which is not a fair use and is unlawful.

66.    As a result of Defendant's wrongful registration and use of the Second Infringing Domain Name, Plaintiff Jayme Garst has suffered substantial damages, as well as the continuing loss of the reputation established by Plaintiff Jayme Garst and her mark. The continuing loss of goodwill cannot properly be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff Jayme Garst has no adequate remedy at law. Plaintiff Jayme Garst will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct and orders that the Second Infringing Domain Name be transferred to Plaintiff Jayme Garst.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask that this Court grant judgment against Defendants for the following:

A. Entry of an order (on a preliminary or permanent basis) requiring Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from using the term "Shane Garst" or any name, mark, or domain name that wholly incorporates the SHANE GARST mark;

B. Entry of an order (on a preliminary or permanent basis) requiring Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from using the term "Jayme Garst" or any name, mark, or domain name that wholly incorporates the JAYME GARST mark;

C. Directing Defendants to transfer to Plaintiff, at no cost to Plaintiff, the domain name www.shanegarst.com, and the domain name jaymegarst.com;

D. For an award of actual damages and disgorgement of all of profits attributable to the cyberpiracy, as provided by 15 U.S.C. § 1117(a) in an amount to be proven;

E. Plaintiffs to recover their attorneys' fees and costs; and

F. Granting Plaintiffs such other and further relief as the Court deems just and proper.


Dated: September 8, 2025                    By: /s/ Rexford Brabson
                                            Rexford Brabson, Esq.,

1

CA SBN 299802
rex@t-rexlaw.com

2

3

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
david@t-rexlaw.com

4

5

6

Attorneys for Plaintiffs Shane Garst
and Jayme Garst

7

8

T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.


Dated: September 8, 2025

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com


By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiffs Shane Garst
and Jayme Garst

T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

# EXHIBIT 1



## ATTENTION HOMEBUYERS: DONT MAKE THE SAME MISTAKE WE DID

Home    Photos of Adams



**We have been offline for a few weeks as I was served a fraudulent Restraining Order by Shane Garst accusing me of threatening to kill him and his family. This is categorically false and the Court agreed, and I paraphrase the Judge "Garst has provided no proof that there was any threat whatsoever. This was clearly an attempt to chill Cramer's First Amendment Rights...." The Court doubled down on this victory by awarding full repayment of court and attorneys fees.  Now that we're thru this case we're re-publishing our story in an attempt to warn the community about aligning with builders/developers that might not have your best interest in mind..**

We thought we were investing in our promised turn key dream home on Adams Street in Carlsbad Village, but what we got was a nightmare. The owner builders, Jayme and Shane Garst aka "The Sydekicks" promised us a sturdy, and well-built house with awesome features shown in renderings, but it turns out they cut corners, used subpar materials, and changed designs without our consent. Now, every time it rains, our home leaks like a sieve and we're left with severe water damage throughout the majority of the home. We've been forced to move out after only four months from close of escrow. Architects and Engineers have opined that the house is "catastrophic" and estimate that repairs due to sub-par oversight and build quality will take one to two years to complete, forcing our family to bounce from rental property to rental property. This process is a nightmare and Jayme and Shane Garst are doing everything they can to make it even worse, filing false liens to "get our attention," filing frivolous restraining orders in an attempt to chill our first amendment rights, delaying where matching materials could be purchased for repairs elongating or increasing the expense of this horrible process, and  even emailing several our new neighbors suggesting we have threatened to kill their family and that they should be careful.

To make matters worse, Jayme and Shane abandoned the project before it was even finished. We were left with unfinished rooms, exposed wiring, changes to plans, and other hazards that put our family at risk. They left us with a home that was not only poorly built but also dangerous for our family.

Adding insult to injury, the Garsts' have claimed not to be the Owner Builder on the project, rather passing the blame on to the construction company (whom they hired) and the sub-contractors (whom they also hired). Despite this claim they have filed  (in our opinion) a fraudulent lien on the house (and as such on us) of almost $500,000 knowing full well that we do not owe any monies to contractors, sub contractors, workers or material providers and closed escrow free and clear less a small holdback for finishing work of which they did not finish. Moreover, mechanic liens are only allowed and designed to be filed by licensed contractors, of which they claim not to be.  When questioned as to why Jayme said "we had to get your attention."

At the end of the day, we picked the wrong builder in Jayme and Shane Garst,  The Sydekicks. We've spent over $2Million dollars out of pocket thus far to start the repair process and begin court proceedings to make this right.  This is now our full time jobs vs. the turn key home we were promised.

Don't let the promise of a beautiful home cloud your judgement. Do your research and make sure you're working with a builder who uses quality materials and has a proven track record of finishing projects. Otherwise, you could end up with a leaky, unfinished and unsafe home, just like us.

We hope our story serves as a cautionary tale for those in the market for a new home. Stay safe and choose wisely.  If you'd like to learn more or discuss your situation, please feel free to email: winou1@yahoo.com



Copyright © 2023 www.customhomeSD.com.  All Rights Reserved.  This publication may use images from the Instagram platform to enhance the content and provide relevant visuals. The images used are either public domain, creative commons, or used with permission from the respective owner(s).Note that this is our opinion (less the opinion of the engineers and architects - which is factual) we'll let you judge for yourself.



# EXHIBIT 2

Generated on: This page was generated by TSDR on 2025-09-08 19:54:26 EDT

Mark: SHANE GARST

# SHANE GARST

| | | | |
|---|---|---|---|
| **US Serial Number:** | 98901675 | **Application Filing Date:** | Dec. 13, 2024 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**



LIVE/APPLICATION/Published for Opposition

A pending trademark application has been examined by the Office and has been published in a way that provides an opportunity for the public to oppose its registration.

**Status:** A request for an extension of time to file an opposition has been filed with the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Sep. 03, 2025

**Publication Date:** Aug. 19, 2025

## Mark Information

**Mark Literal Elements:** SHANE GARST

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Name Portrait Consent:** The name(s), portrait(s), and/or signature(s) shown in the mark identifies SHANE GARST, whose consent(s) to register is made of record.

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Real estate agent services; Real estate brokerage; Real estate consultancy; Real estate management services; Appraisal of real estate; Residential real estate agency services

| | | | |
|---|---|---|---|
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **First Use:** | 2017 | **Use in Commerce:** | 2017 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** GARST, SHANE

**Owner Address:** 1660 Seattle Slew Way
Oceanside, CALIFORNIA UNITED STATES 92057

**Legal Entity Type:** INDIVIDUAL                                      **Citizenship:** UNITED STATES

# Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** RICHARD L MORRIS JR ESQ

**Attorney Primary Email Address:** richard@4trademark.com            **Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** RICHARD L MORRIS JR ESQ
1-800-4-TRADEMARK PA
P.O. Box 398538
c/o TrademarkRenewals.com
Miami Beach, FLORIDA United States 33239

**Phone:** 305-673-6686

**Correspondent e-mail:** richard@4trademark.com                     **Correspondent e-mail Authorized:** Yes

### Domestic Representative - Not Found

# Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Sep. 03, 2025 | EXTENSION OF TIME TO OPPOSE RECEIVED | 901675 |
| Aug. 19, 2025 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 19, 2025 | PUBLISHED FOR OPPOSITION | |
| Aug. 13, 2025 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jul. 14, 2025 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 10, 2025 | TEAS/EMAIL CORRESPONDENCE ENTERED | |
| Jul. 10, 2025 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Jul. 10, 2025 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jun. 05, 2025 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Jun. 05, 2025 | NON-FINAL ACTION E-MAILED | |
| Jun. 05, 2025 | NON-FINAL ACTION WRITTEN | |
| Jun. 02, 2025 | ASSIGNED TO EXAMINER | 73372 |
| Apr. 27, 2025 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Jan. 15, 2025 | TEAS AMENDMENT ENTERED BEFORE ATTORNEY ASSIGNED | |
| Jan. 15, 2025 | TEAS VOLUNTARY AMENDMENT RECEIVED | |
| Dec. 13, 2024 | NEW APPLICATION ENTERED | |

# TM Staff and Location Information

### TM Staff Information

**TM Attorney:** PERRY, KIMBERLY                    **Law Office Assigned:** LAW OFFICE 112

### File Location

**Current Location:** PUBLICATION AND ISSUE SECTION        **Date in Location:** Jul. 30, 2025

# Proceedings

### Summary

**Number of Proceedings:** 1

### Type of Proceeding: Extension of Time

**Proceeding** 98901675                              **Filing Date:** Sep 03, 2025

|  |  |  |  |
|---|---|---|---|
| **Number:** | _____ | | |
| **Status:** | Extension of Time to Oppose Filed | **Status Date:** | Sep 03, 2025 |
| **Interlocutory Attorney:** | | | |

| **Defendant** | | | |
|---|---|---|---|
| **Name:** | GARST, SHANE | | |
| **Correspondent Address:** | RICHARD L MORRIS JR ESQ 1-800-4-TRADEMARK PA P.O. BOX 398538, C/O TRADEMARKRENEWALS.COM MIAMI BEACH FL UNITED STATES , 33239 | | |
| **Correspondent e-mail:** | richard@4trademark.com | | |

### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| SHANE GARST | | 98901675 | |

### Potential Opposer(s)

|  |  |
|---|---|
| **Name:** | Win Cramer |
| **Correspondent Address:** | JAYSON LORENZO J. LORENZO LAW 2111 S. EL CAMINO REAL, SUITE 302 OCEANSIDE CA UNITED STATES , 92054 |
| **Correspondent e-mail:** | jmlorenzo.esq@gmail.com , clerk@jlorenzolaw.com |

### Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 2 | EXT GRANTED | Sep 03, 2025 | |
| 1 | FIRST 90-DAY REQUEST TO EXT TIME TO OPPOSE | Sep 03, 2025 | |

# EXHIBIT 3

**Generated on:** This page was generated by TSDR on 2025-09-08 19:54:38 EDT

**Mark:** JAYME GARST

# JAYME GARST

| | | | |
|---|---|---|---|
| **US Serial Number:** | 98901702 | **Application Filing Date:** | Dec. 13, 2024 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**  LIVE/APPLICATION/Published for Opposition

A pending trademark application has been examined by the Office and has been published in a way that provides an opportunity for the public to oppose its registration.

**Status:** A request for an extension of time to file an opposition has been filed with the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Aug. 07, 2025

**Publication Date:** Jul. 08, 2025

## Mark Information

**Mark Literal Elements:** JAYME GARST

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Name Portrait Consent:** The name(s), portrait(s), and/or signature(s) shown in the mark identifies JAYME GARST, whose consent(s) to register is made of record.

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Advertising of commercial or residential real estate; Brand concept and brand development services for corporate clients; Brand imagery consulting services; Marketing services; Real estate advertising services; Search engine optimization for promoting the websites of others; Digital marketing services; Online marketing services; Promotional marketing services; Real estate marketing analysis

**International Class(es):** 035 - Primary Class  **U.S Class(es):** 100, 101, 102

**Class Status:** ACTIVE

**First Use:** Jun. 2014  **Use in Commerce:** Jun. 2014

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | GARST, JAYME |
| **Owner Address:** | 1660 Seattle Slew Way<br>Oceanside, CALIFORNIA UNITED STATES 92057 |
| **Legal Entity Type:** INDIVIDUAL | **Citizenship:** UNITED STATES |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | RICHARD L MORRIS JR ESQ |
| **Attorney Primary Email Address:** | richard@4trademark.com |
| **Attorney Email Authorized:** | Yes |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | RICHARD L MORRIS JR ESQ<br>1-800-4-TRADEMARK PA<br>P.O. Box 398538<br>c/o TrademarkRenewals.com<br>Miami Beach, FLORIDA United States 33239 |
| **Phone:** | 305-673-6686 |
| **Correspondent e-mail:** | richard@4trademark.com |
| **Correspondent e-mail Authorized:** | Yes |

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 07, 2025 | EXTENSION OF TIME TO OPPOSE RECEIVED | 901702 |
| Jul. 08, 2025 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jul. 08, 2025 | PUBLISHED FOR OPPOSITION | |
| Jul. 02, 2025 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jun. 03, 2025 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 02, 2025 | ASSIGNED TO EXAMINER | 93921 |
| Apr. 27, 2025 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Jan. 15, 2025 | TEAS AMENDMENT ENTERED BEFORE ATTORNEY ASSIGNED | |
| Jan. 15, 2025 | TEAS VOLUNTARY AMENDMENT RECEIVED | |
| Dec. 13, 2024 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

### TM Staff Information

| | |
|---|---|
| **TM Attorney:** ALAO, OREOLUWA | **Law Office Assigned:** LAW OFFICE 108 |

### File Location

| | |
|---|---|
| **Current Location:** PUBLICATION AND ISSUE SECTION | **Date in Location:** Jun. 16, 2025 |

## Proceedings

### Summary

| | |
|---|---|
| **Number of Proceedings:** | 1 |

### Type of Proceeding: Extension of Time

| | |
|---|---|
| **Proceeding Number:** 98901702 | **Filing Date:** Aug 07, 2025 |
| **Status:** Extension of Time to Oppose Filed | **Status Date:** Aug 07, 2025 |
| **Interlocutory Attorney:** | |

**Defendant**

| | |
|---|---|
| **Name:** | GARST, JAYME |
| **Correspondent Address:** | RICHARD L MORRIS JR ESQ<br>1-800-4-TRADEMARK PA<br>P.O. BOX 398538, C/O TRADEMARKRENEWALS.COM<br>MIAMI BEACH FL UNITED STATES , 33239 |
| **Correspondent e-mail:** | richard@4trademark.com |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| JAYME GARST | | 98901702 | |

**Potential Opposer(s)**

| | |
|---|---|
| **Name:** | Win Cramer |
| **Correspondent Address:** | JAYSON LORENZO<br>J. LORENZO LAW<br>2111 S. EL CAMINO REAL, SUITE 302<br>OCEANSIDE CA UNITED STATES , 92054 |
| **Correspondent e-mail:** | jmlorenzo.esq@gmail.com , clerk@jlorenzolaw.com |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 2 | EXT GRANTED | Aug 07, 2025 | |
| 1 | FIRST 90-DAY REQUEST TO EXT TIME TO OPPOSE | Aug 07, 2025 | |